```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 17 2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

UNITED STATES OF AMERICA,

                          -against-

CARLOS CERDA,

                             Defendant.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

08 Cr. 857-4 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Defendant Carlos Cerda, *pro se*, moves this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), in light of his medical conditions and the COVID-19 pandemic. (*See* Letter dated May 16, 2020 ("Compassionate Release Letter"); Letter dated June 8, 2020; Letter dated July 16, 2020 ("Reply Letter"), ECF No. 336.) The Government opposes Defendant's motion. (*See* Gov't's Mem. of Law in Opp'n to Def. Carlos Cerda's Mot. for Release ("Gov't Opp'n"), ECF No. 335.) Defendant is currently serving a sentence of 144 months' imprisonment for conspiracy to distribute and possess with intent to distribute narcotics. (J. in a Criminal Case, ECF No. 323.) Defendant's sentence in this matter arises from his role as a leader of an extensive drug trafficking organization. (Gov't Opp'n at 2.) He is expected to be released on September 17, 2023.

    As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). However, a court may do so only "upon motion of the Director of the

Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Further, any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Specifically, the Application Notes to United States Sentencing Guidelines § 1B1.13 describe the circumstances that qualify as "extraordinary and compelling reasons" to justify a reduced sentence, which broadly relate to the defendant's medical condition, age, and family circumstances. U.S.S.G. § 1B1.13, Appl. Note 1(A)–(C). The Application Notes also provide a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Additionally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). Here, Defendant argues that the COVID-19 pandemic, his medical conditions, and the conditions of confinement at FCI Big Spring, where he is held, constitute extraordinary and compelling reasons warranting release. Specifically, he contends that the inability to socially distance in prison, lack of "adequate medical attention," and his particular medical vulnerabilities elevate his risk of death from COVID-19. (Compassionate Release Letter at 5.)

As an initial matter, Defendant's motion is premature given that he has not sought relief on compassionate release grounds within the Bureau of Prisons. Instead, Defendant claims that the

warden of FCI Big Spring verbally indicated that he would not respond to any compassionate release petitions related to the pandemic, and argues that the exhaustion requirement should be waived because of the pandemic. (Reply Letter at 2–3.) "[A]s a general rule, courts are required to strictly enforce statutory exhaustion requirements." *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004); *see also United States v. Ogarro*, No. 18 Crim. 373-9 (RJS), 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) (denying the defendant's motion for release under the First Step Act because he has failed to exhaust his administrative remedies). Even assuming, *arguendo*, that Defendant could satisfy the administrative exhaustion requirement or a futility exception were available, Defendant has failed to demonstrate extraordinary and compelling reasons for release.

Defendant suffers from hypertension and arrhythmia—an irregular heartbeat. (Compassionate Release Letter at 1.) According to the CDC, neither of Defendant's conditions definitively places Defendant at increased risk of suffering severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated August 14, 2020). Arrhythmia is not listed and hypertension is described as a condition that "*may* increase your risk of severe illness from COVID-19." *Id.* (emphasis added). Defendant also points to the fact that he is unable to socially distance in prison and alleges, without support, that he is subject to inadequate medical care. (Compassionate Release Letter at 5.) Incarceration in a jail or prison certainly does carry an increased risk of contracting contagious diseases such as COVID-19. But the inability to socially distance and Defendant's medical conditions, without more, do not justify compassionate release, especially considering the BOP's ongoing efforts to limit the risk to inmates.

The 3553(a) factors also weigh heavily against Defendant's release. Defendant was a leader of a large-scale narcotics conspiracy and was already given a sentence well below the guidelines range. Nor has Defendant demonstrated that his immediate release would not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). A further reduction in Defendant's sentence would not appropriately reflect the seriousness of the offense or satisfy the goals of sentencing.

Defendant's motion for compassionate release is DENIED.

Dated: August 17, 2020
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge